# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| TIMOTHY ARIEL EHRMANTROUT, et al., | ) ) ) | 3:07-cv-00488-HDM-RAM |
| Plaintiffs, | ) ) | ORDER |
| vs. | ) ) | |
| BONNIE DAY, et al., | ) ) | |
| Defendants. | ) | |

Before the court is defendant Brian Campbell's motion for a change of venue (#50). Mr. Campbell filed a letter to the court *in propria persona* seeking to have this case transferred from Reno, Nevada, to Spokane, Washington, so that he can continue to care for his wife who suffered a stroke last year. The court construes Mr. Campbell's letter as a motion for change of venue. Plaintiffs responded (#56).

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." In general, the plaintiff's choice of forum should be accorded great weight in venue considerations. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Other factors a court may consider include: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most

familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to plaintiff's cause of action in the chosen forum; (6) the differences in the cost of litigation in the two forums; (7) the availability of compulsory process to compel witnesses; and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

Mr. Campbell urges the court to transfer venue of this case to Spokane, Washington, citing the health needs of his ailing wife, and the costs of litigating in a foreign jurisdiction. Mr. Campbell provides no evidence or affidavit to support his claims. Plaintiffs respond that a transfer of venue to Washington to remedy the inconvenience to Mr. Campbell would only create inconvenience for the other parties. Plaintiffs also claim that Mr. Campbell is not the only caregiver for his wife.

The parties to this action are dispersed over several states, including California, Oregon, Washington, Nevada, Pennsylvania, and Ohio, as are the relevant actions at issue, and the plaintiffs apparently selected Nevada because of its central location to the parties. Their choice should be accorded some deference. Furthermore, there is no dispute that this court may properly entertain this suit in this district, as some of the actions alleged occurred in Nevada and two of the defendants reside here. In light of the number of parties involved in this case, some parties will unavoidably be inconvenienced wherever the case is adjudicated. In addition, Mr. Campbell is the only party currently named who resides in Washington. All parties, including Mr. Campbell, have retained counsel here. At this point, transfer of the case to Washington would therefore only create unnecessary

additional costs and delay.

For all these reasons, the court denies Mr. Campbell's motion for change of venue.

**IT IS SO ORDERED.**

DATED: This 13th day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE